IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT CRAFT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | NO. 4:16cv223 |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| FIRST CORNERSTONE GROUP, LLC, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Robert Craft files this Complaint against Defendant First Cornerstone Group, LLC.

## Parties

1. Plaintiff Robert Craft is an individual residing in Texas.

2. Defendant First Cornerstone Group, LLC ("First Cornerstone") is Texas limited liability company with its principal place of business in Houston, Texas. First Cornerstone may be served with process through its registered agent, Lance Edwards, 14825 St. Marys Lane, Suite 260. Houston, Texas 77079.

## Jurisdiction and Venue

3. The Court has federal question jurisdiction over this case because the case arises under the Fair Labor Standards Act (FLSA).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because both parties reside in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**Claim for Relief**

5. First Cornerstone is a real estate investment company. Mr. Craft worked for First Cornerstone from July 2015 to September 2015.

6. First Cornerstone has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. First Cornerstone's annual gross volume of sales made or business done is not less than $500,000. As a result, First Cornerstone is subject to the minimum wage and overtime requirements of the FLSA.

7. First Cornerstone has classified many of its workers, including Mr. Craft, as independent contractors. First Cornerstone refers to these workers as "probationary." First Cornerstone has paid these workers on a 1099 basis and has not paid them overtime.

8. Like most if not all of these "probationary" workers, Mr. Craft was in fact an employee. He worked full time for First Cornerstone, under the direction and control of supervisors from First Cornerstone, on matters that were integral to the business of First Cornerstone. He did not set his own hours, provide his own materials, or have any significant amount of discretion in anything he did. He was paid a salary, though the amount of the "salary" was slashed when he did not work 40 hours. Under the law, he was an employee, regardless of whether First Cornerstone classified him as such.

9. Mr. Craft often worked more than forty hours. First Cornerstone did not pay anything extra for the overtime hours.

10. Mr. Craft was not exempt from the overtime requirements of the FLSA.

11. In mid-September 2015, Mr. Craft began asking questions about overtime. He was told that he would receive no overtime because he was paid on a salary basis and

was not an employee.  On September 25, 2015, he asked more questions, pointing out that he was properly classified as an employee under the correct legal standard.  He was promptly fired for having a "bad attitude."

12. All conditions precedent have been performed or have occurred.

13. First Cornerstone violated the FLSA by misclassifying Mr. Craft and similar employees as independent contractors and by failing to pay them overtime.  Mr. Craft, individually and on behalf of other persons similarly situated, is therefore entitled to recover (a) back pay equal to the amount of unpaid overtime from past pay periods, (b) an additional equal amount as liquidated damages under section 216 of the Fair Labor Standards Act, (c) attorneys' fees, (d) post-judgment interest, and (e) all costs of court.

14. In addition, First Cornerstone violated the FLSA by terminating Mr. Craft in retaliation for his complaint about being misclassified as an independent contractor and not being paid overtime.  Mr. Craft is therefore entitled to recover (a) back pay and lost benefits, (b) reinstatement or in the alternative front pay, (c) an additional equal amount as liquidated damages under section 216 of the Fair Labor Standards Act, (d) attorneys' fees, (e) post-judgment interest, and (f) all costs of court.

Plaintiff requests that Defendant be cited to appear and answer, and that on final hearing the Court award the following relief to Plaintiff and against Defendant:

(a) actual and liquidated damages for unpaid overtime;

(b) actual and liquidated damages for wrongful termination;

(c) reasonable attorneys' fees;

(d) pre- and post-judgment interest as provided by law;

(e) all costs of court; and

(f) any other relief to which Plaintiff may be entitled.

    Respectfully submitted,

    /s/ David C. Holmes
    David C. Holmes, Attorney in Charge
    State Bar No. 09907150
    Southern District No. 5494
    13201 Northwest Freeway, Suite 800
    Houston, Texas 77040
    Telephone: 713-586-8862
    Fax: 713-586-8863

    ATTORNEY FOR PLAINTIFF